## CONSUMERS COTTON OIL COMPANY v. W. C. JONTE.

Decided May 4, 1904.

**1.—Master and Servant—Negligence—Evidence.**

Evidence held to warrant the submission of the question of liability on the part of the owner of a cotton gin to a millwright employed therein and injured by being struck by a bale of cotton thrown to the ground from the pressroom, on grounds of negligence in failing to furnish a safe place for the employe to do his work, or to employ competent servants, or to give them proper instructions as to the manner of performing their work; and the overruling a motion for new trial on the ground of contributory negligence and assumed risk.

**2.—Same—Assumed Risk.**

Evidence held not to present or require the submission of the issue of assumed risk by servant, and requested charges thereon held properly refused.

**3.—Negligence—Warning of Danger.**

The duty to give a servant warning of danger implies a duty to give such warning as should be sufficient.

**4.—Contributory Negligence—Burden.**

The servant seeking recovery for injury from the master's negligence is not under the burden of disproving contributory negligence on his own part.

**5.—Negligence—Evidence—Custom.**

Evidence held admissible as tending to show that plaintiff was using a passway in a cotton gin, when injured, in the manner customary among the employes there.

**6.—Evidence—Declarations of Master's Superintendent.**

Declarations by the superintendent of a cotton gin, made a few minutes after injury to an employe, as to his failure to give instructions to the servant whose negligence caused the injury, held properly admitted.

**7.—Evidence—Objection.**

Objections going to a question to and answer of a witness as a whole do not entitle appellant to complain of the admission of a part of the answer, only a part of it being objectionable.

**8.—Evidence—Damages—Mortality Tables.**

A plaintiff suing for permanent personal injury may prove by one familiar with mortality tables, and by such tables themselves, his expectancy of life.

**9.—Evidence—Medical Expert—Expressions of Pain.**

An objection to testimony of a medical expert as to any indications of suffering pain given by plaintiff while such expert was examining him to qualify himself as a witness does not entitle the party to complain of only the part of the answers which were mere declarations of pain and not involuntary shrinkings therefrom by the plaintiff. Missouri K. & T. Ry. Co. v. Johnson, 95 Texas, 409, followed.

**10.—Negligence—Evidence—Custom.**

A witness familiar with the methods used in carrying on a business generally may, it seems, testify thereto, on the issue whether the method pursued by defendant was a safe or proper one.

**11.—Fellow Servant.**

A millwright employed in a cotton gin and another employe whose duty it was to drop the completed bales from the pressroom, in the second story, to the ground were fellow servants and the court should have so instructed the jury and not left it to them as a question of fact.

**12.—Co-operating Negligence.**

The servant may recover from the master for injury by negligence of the latter co-operating with that of plaintiff's fellow servant to cause his injury.

**13.—Assumed Risk—Charge—Entirely Familiar.**

A charge on assumption by the servant of known risks should not have been confined to such as the servant was "entirely" familiar with.

**14.—Assumed Risk—Choice of Ways.**

Where the servant having a choice between a passage way that is dangerous and one that is safe, is injured by, knowingly, choosing the former he should not be permitted to recover.

**15.—Negligence—Incompetent Servant.**

A master is not liable for injury to his servant by the incompetency of a fellow servant unless negligent in employing him.

**16.—Assumed Risk—Knowledge—Evidence.**

On the issue of assumed risk in choice of a servant between passage ways it seems, permissible to ask him whether he "took chances in going along that passage way," as tending to show his knowledge of the danger.

**17.—Incompetent Servant—Opinion Evidence.**

On the issue of negligent employment of an incompetent servant, his foreman should have been permitted to testify that he considered him competent.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*W. J. J. Smith, Horace Williams,* and *Garnett & Smith,* for appellant.

*Evans & Elder,* for appellee.

FISHER, CHIEF JUSTICE.—The appellee brought this suit against the appellant for damages arising from injuries sustained on account of being struck by a bale of cotton which was thrown from the upper story of appellant's cotton gin by an employe who was charged with the duty of throwing cotton bales from the second story of the building to the ground. The bale in question struck the plaintiff and caused some of the alleged injuries; he at the time he was struck was using the passway on the ground, going from one part of the works to the other.

The appellee at the time he was injured was at work for the appellant as a millwright. The evidence shows that the duties of a millwright are to keep the machinery greased and to see to the conveyors and belts, and look after the machinery and everything pertaining to that part of the business. His business requires him to go in various places where the work is being carried on; and the appellee testifies that as foreman of the millwrights he had to lift things and take the machinery to pieces and had to do the same work as anybody else. And the evidence shows that he had nothing to do with the man who manipulated the cotton in the pressroom.

The bale in question was thrown from what is known as the cotton pressroom by a man by the name of Hall, who was charged with the performance of that duty; and there is evidence tending to show that before and at the time that he threw the bale he did not give the usual signal required at that time in order to give warning to persons below; nor did he look to see if anyone was below using the passway, who might be injured by throwing the bale. In other words, there is evi-

dence which tends to show that he did not obey instructions that governed his conduct in throwing out the bale, and that he was guilty of negligence in the performance of that service.

The grounds of negligence charged to the appellant by the plaintiff in his petition are, that the appellant failed to furnish a reasonably safe place in which the plaintiff was to perform his work, and to keep the premises and places of work in a reasonably safe condition, and to furnish a reasonably safe way and means for the plaintiff and other employes to pass along and about said premises from one part to another when in the performance of their duties; and failed and neglected to provide a skidway or other means by which bales of cotton could be slided to the ground; but instead thereof, the bales were negligently and carelessly permitted to be dropped and thrown from the door to the ground and passway below, thereby rendering the method of discharging the bales to the ground and to the passway hazardous and dangerous to the plaintiff and other employes in passing along the passway. That it was the duty of the servants discharging the bales through the door to look out of the door, and give warning of their intention to throw the bales; but that in this instance such duty was not performed. That the defendant negligently employed and placed in charge of the work of discharging the bales from the door as above stated, an inexperienced, incompetent, untrustworthy and unreliable servant, and negligently and carelessly failed to instruct said servant in the performance of his duty, with a view to the safety of those that might use the passway.

The defendant pleaded assumed risk, and that the danger of using the passway at the time that the plaintiff was injured was patent, open and obvious, and that the plaintiff was guilty of contributory negligence, and that his injuries, if any, were the result of the negligence of a fellow servant.

Verdict and judgment were in appellee's favor for the sum of $10,518.33.

There are several assignments of error which complain of the action of the trial court in submitting the issues of negligence in failing to furnish a safe way for the plaintiff to pass, and for the failure of appellant to exercise proper care in employing experienced and competent servants to discharge the cotton from the pressroom, and in submitting the issue of such servant's inexperience and incompetency, and for the failure to properly instruct him as to how to discharge cotton from the pressroom and to give the necessary warning, on the ground that there is no evidence to authorize the submission of these questions to the jury. We can not agree with appellant that the evidence was not sufficient to authorize the court to submit these issues. There is some evidence in the record bearing upon each of the questions suggested.

The charges complained of in the third assignment of error are not on the weight of evidence. And the fact that the court submitted these

questions to the jury in the manner as stated, affords no ground of complaint to the appellant.

The ninth assignment of error complains of the refusal of the court to submit to the jury a special instruction, to the effect that if the plaintiff knew the dangers and risks attending the work prior to the time that he had received his injuries, and if thereafter he remained in the service, he assumed the risk of the injuries and could not recover.

The court did submit to the jury the question of assumed risk. In view of the facts, the court correctly refused to give the special instruction requested. There is evidence to the effect that while the plaintiff knew that it was dangerous to use the passway when cotton was being discharged from the pressroom, still there is testimony which tends to show that such danger did not exist if the servant who was charged with the performance of the duty of throwing the bale from the pressroom was competent and experienced, or had been properly instructed as to his duties to give the proper warning before discharging the bale. There is evidence tending to show that the plaintiff did not know of the incompetency of the servant at the time that he used the passway. And the evidence shows that he and the other employes were in the habit of using this passway, and that the signals had been usually given, before bales were thrown from the pressroom.

The danger did not so much arise from the use of the passway, but was the result of the appellant's employment of an incompetent servant, or the failure to instruct him as to his duties, or the negligence of the servant in failing to perform his duties in a careful way. The charges refused assumed that the mere use of the passway, with a knowledge of the danger, would justify a verdict in favor of the defendant, although the plaintiff, under the circumstances, could assume that the servant who was charged with the duty of throwing the bale would give the proper warning, and that the appellant had performed its duty in employing a servant who was skillful in that matter, and would obey the rules with reference to giving the usual warning.

There was no error in refusing the instruction as set out under the thirteenth assignment of error. The mere fact that a warning was given, although not sufficient, where the duty was upon the servant to give a sufficient warning, would not excuse the appellant from liability, provided the appellant had not provided the plaintiff with a safe passway in going to his work; or that it was guilty of negligence in employing an incompetent servant, or failed to give such incompetent servant proper instructions in reference to his work in discharging the bale.

There are some assignments which complain that there are unnecessary repetitions in portions of the charge. We do not think that reversible error is shown in this respect.

In view of the charge submitted by the court, there was no error in

refusing the charges set out under the eighteenth, nineteenth and twentieth assignments of error.

The charge requested under the twenty-second assignment of error was argumentative, and there was no error in refusing it.

There was no question of accident suggested by the evidence, as stated in the twenty-third assignment of error.

There was no error in refusing the charge complained of in the twenty-fifth assignment of error. This charge put the burden upon the plaintiff to establish that he himself was not guilty of negligence that caused or contributed to his injuries.

The evidence complained of in the twenty-seventh and twenty-eighth assignments of error was admissible. It was proper for the plaintiff to testify that the passway that he was using at the time he was injured, was used by all the men around the building, and that the plaintiff frequently passed through the door of the lower room. This tended to show a use of the passway by the plaintiff and other employes, and there is evidence in the record which tends to show that such customary use was within the knowledge of those in control and charge of the works. This evidence had some bearing on the question as to whether the plaintiff was guilty of contributory negligence in using the passway, and as having some bearing on the care and caution that should be exercised by the appellant in discharging bales from the pressroom.

The twenty-ninth assignment of error complains of the action of the court in permitting plaintiff to testify that Mr. Duncan, defendant's superintendent, told him that he had failed to instruct the servant who threw the bale about his duties in exercising care and caution in throwing cotton from the pressroom. Plaintiff did testify to this effect, and further that Mr. Duncan stated that the man was a new man, and that he had been too busy at the time to instruct him. The evidence showed that this statement was made by Mr. Duncan, defendant's superintendent, a few minutes after the plaintiff was injured; and the testimony shows that he at the time was the defendant's superintendent, practically in control of the servants operating the plant. We are of the opinion that the evidence was admissible. Plaintiff while a witness on the stand was asked the question by the appellant to the effect "that you (meaning plaintiff) just assumed the risk and went under it (that is, the bale of cotton)." This question was improper, because it asked for the opinion or the mere conclusion of the witness as to whether he assumed the risk.

The thirty-second assignment of error complains of the action of the trial court in permitting the question to be asked the witness D. B. Bailey, whether or not he had anything to do with the employment of George Hall, and whether in his opinion Hall was qualified to fill the position that he was selected for. It appears from the evidence that the George Hall here inquired about was the servant who discharged the bale from the pressroom that injured the plaintiff. The witness answered to the effect that he had nothing whatever to do with

the employment of George Hall; that he, Hall, did not give the necessary warning, which was an important part of his duties, either from want of capacity to comprehend the necessity or an indifference as to the result of such failure. The defendant objected also to the introduction of the answer of this witness. The court permitted the evidence to be introduced. The objection was to the question and the answer of the witness as a whole. A part of it was admissible. Bailey was in a position to know whether or not Hall had given the necessary warning when the bale of cotton was thrown. He testified that Hall did not give the necessary warning. This much of his evidence was admissible; and it was also admissible for him to testify that the warning was a part of the duties which should be performed by Hall before the bale was thrown. These were facts that it seems were within the knowledge of the witness. The balance of the testimony was possibly not admissible, but a part of it being admissible and the objection being to the whole, the appellant is in no condition to complain. It should have urged its objections to the objectionable portion of the evidence, or should have requested an instruction to the effect that it be not considered.

The thirty-third assignment of error complains of the action of the court in permitting the witness George Hall to testify about the use of the passway in which the plaintiff was injured, by other employes and by the superintendent. This character of evidence has been, in effect, passed upon, and we held it to be admissible.

The evidence complained of in the thirty-fifth assignment of error was admissible. The witness, if he was familiar with the American mortality tables, could testify as to the life expectancy of the plaintiff, and that the table introduced was a mortality table that stated the life expectancy of men at different ages.

No reversible error is shown in admitting the evidence of Dr. Spaulding, as complained of in the thirty-seventh assignment of error. We do not mean to say that all of his testimony was admissible, but the manner of objection to its introduction, as shown by the bill of exception, is similar to that urged in Missouri K. & T. Ry. Co. v. Johnson, 95 Texas, 411. In accordance with the ruling there made, we must hold that no reversible error is shown in admitting the evidence of this witness.

We are not prepared to hold that the evidence of Bailey, as complained of in the thirty-eighth assignment of error, was not admissible. The petition alleged that the appellant had selected a dangerous way of discharging its cotton from the pressroom, and was guilty of negligence in not using another method, which is stated in the petition. The evidence as objected to is that of a witness who shows some familiarity with the best and usual methods of constructing oil mill plants, and the way in which cotton should be discharged from the second floor to the ground floor.

The thirty-ninth assignment of error, excepting in some particulars

that will be hereinafter noticed, complains generally of the action of the court in overruling appellant's motion for a new trial, on the ground that the plaintiff was guilty of contributory negligence, and assumed the risk with a knowledge of the danger, and that the defendant was not guilty of negligence in the selection of its servants to discharge cotton from the pressroom, and that such servant was properly instructed with reference to his duties. There is evidence in the record which authorizes us to overrule this assignment.

In view of another trial, we express no opinion as to the question raised in the fortieth assignment of error.

The sixth, seventh, twelfth, fourteenth, fifteenth and thirty-sixth assignments of error will be considered together in disposing of the questions raised by them. The court submitted to the jury for their determination whether or not the plaintiff and the servant that discharged the bale of cotton from the pressroom were fellow servants, and refused instructions to the effect that they were fellow servants. The statute upon the subject of fellow servants, relating to employes in the service of railway companies, etc., has no application to this case; and under the doctrine announced in St. Louis A. & T. Ry. Co. v. Welch, 72 Texas, 299, there can be no question about the fact that the plaintiff and Hall, the man that discharged the bale from the pressroom that injured the plaintiff, were fellow servants at that time, and the court should have so instructed the jury. Oriental Investment Co. v. Sline, 17 Texas Civ. App., 692.

One of the appellant's defenses was that the plaintiff was injured by the negligence of a fellow servant, and there is some evidence tending to support this defense. The charge of the court left it to the jury to determine whether or not the plaintiff and the servant who discharged the bale were fellow servants, and the jury may have concluded from the instructions upon this subject that they were not fellow servants; and, consequently, although the plaintiff sustained his injuries merely and solely by reason of the negligence of such servant, he could still recover. If they were fellow servants, and the injuries to the plaintiff were directly traceable to the negligence of the fellow servant, independent of the negligence of the master, then the plaintiff could not recover. But if the plaintiff was injured by reason of the negligence of the master in failing to provide a safe passage way; or if the master was negligent in failing to exercise proper care in employing a competent and experienced servant to discharge cotton from the pressroom, or was guilty of negligence in failing to properly instruct him as to his duties with reference to a proper warning before discharging the bale, and the injury to the plaintiff was the result of such negligence of the master, then the fact that the plaintiff and the one discharging the bales were fellow servants would not affect the plaintiff's right to recover, although the servant might have been guilty of negligence in discharging the bale. There is some evidence tending to show that the appellant had furnished a safe way; or, in other words, that there

was open to the plaintiff a safe passage way to and from his work, and that the servant was competent, and that the master had given him proper instructions to observe the rule with reference to warning before discharging the bale from the pressroom. If the jury should accept the view that these defenses were established by the evidence, or that the plaintiff had failed to prove the negligence in this respect, and of the negligence of a fellow servant, then, as before stated, the appellant would be entitled to a verdict.

For the error of the court in submitting to the jury the question for their determination whether the plaintiff and the servant who discharged the bale were fellow servants, and in not instructing the jury that such was their relationship, the judgment will be reversed and the cause remanded.

Subject to the propositions of law just stated, the charges complained of in the sixth and seventh assignments of error.were, in the main, correct.

The charge complained of, as stated in the eighth assignment of error was, in the main, correct. But it should have omitted the word "entirely" preceding the word "familiar." It instructs the jury that if the plaintiff was entirely familiar with all the circumstances and conditions surrounding the place of accident, etc., then he assumed the risk or was guilty of contributory negligence. The plaintiff might be subject to the charge of contributory negligence or the doctrine of assumed risk without being entirely familiar with all the surrounding circumstances and conditions. Mere familiarity with the surroundings and circumstances might be sufficient to create an assumption of risk, or charge one, when encountering danger, with contributory negligence, although there might not be an entire familiarity with all the circumstances and conditions surrounding the place of accident.

The charge requested as set out under the tenth assignment of error should not have been given in the form as stated; but in view of another trial, if the issue is again in the case, we suggest that it be properly submitted to the jury.

The contention of the appellant was that another safe way was open to the plaintiff at the time when he followed the passway, and when the bale of cotton was discharged and injured him. If there was a different and convenient passage way which the plaintiff had knowledge of, which he could have used in going to and from his work, and which in the exercise of ordinary care for his own safety, with his knowledge of the situation, surroundings and circumstances, he should have taken, and such failure was negligence upon his part which contributed to his injuries, then he could not recover.

On the subject just discussed the trial court should also have given the special instruction as stated under the twenty-first assignment of error on the subject of assumed risk; subject, however, to the qualification that the charge should embody the idea that such other safe way was known to the plaintiff, and that under the then existing cir-

cumstances the plaintiff knew that it was dangerous to use the passage way that he did use when he was injured. The court's charge did, in some respects, embody the idea as stated in the special instruction which is set out under the twenty-fourth assignment of error, which was refused, but the charge here requested and which was refused pointedly called the jury's attention to the subject embraced in the charge, and it should have been given in the form as requested.

The master is not always responsible for the conduct of the incompetent servant. If he exercises proper care in selecting the servant and ascertaining his competency and fitness, it is all that the law requires. The mere fact of the incompetency of the servant does not make the master liable, if, as stated before, he has exercised proper care in his selection, and in ascertaining whether he is competent and fit to do the work that he is employed to perform. This principle is embraced in the special instruction which was refused, and which it was error for the court not to give.

We are of the opinion that it was proper to require the plaintiff, while on the stand as a witness, to answer the questions as stated in the bill of exceptions set out under the thirty-first assignment of error. The fact that the plaintiff would have testified "that he took chances in going along the passage way" has a tendency to show that he knew of the danger, and knew that he was running some risk when he selected that route.

The evidence which is set out under the twenty-fourth assignment of error, and which was excluded, was admissible. The opinion of the foreman, Ogden, that he regarded Hall, the man who discharged the bale that struck plaintiff, as a reliable man, was admissible. It bore upon the competency of the servant Hall, and could be considered for what it was worth, as having some bearing upon the diligence or the care exercised by the appellant in selecting Hall to perform this kind of work.

For the errors stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*