CONSOLIDATED KANSAS CITY SMELTING & REFINING CO. et al. v. LOPEZ. (No. 327.)

(Court of Civil Appeals of Texas. El Paso. April 16, 1914. On Rehearing, May 7, 1914.)

1. MASTER AND SERVANT (§ 198*)—LIABILITY FOR INJURIES — NEGLIGENCE OF FELLOW SERVANTS.

An employé of a smelting and refining company, engaged in sweeping pieces of ore off a car track, and the motorman in charge of small ore cars used to haul ores from the roaster to the reverberatory, who had nothing to do with the other men, and was charged with no duties making him a vice principal, were fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 493–514; Dec. Dig. § 198.*]

2. MASTER AND SERVANT (§ 180*)—LIABILITY FOR INJURIES — NEGLIGENCE OF FELLOW SERVANTS.

An employé of a smelting and refining company operating ore cars to haul ores from the roaster to the reverberatory, engaged in sweeping pieces of ore from the car track, was not a railway employé; and hence the common-law rule as to nonliability for the negligence of a fellow servant applied.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–361, 363–368; Dec. Dig. § 180.*]

Appeal from El Paso County Court; J. M. Deaver, Special Judge.

Action by Pascual Lopez against the Consolidated Kansas City Smelting & Refining Company and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded on rehearing.

Davis & Goggin, of El Paso, for appellants. C. L. Vowell, of El Paso, for appellee.

HARPER, C. J. Appellee brought this suit in the county court of El Paso county, Tex., against appellants to recover for personal injuries, which he alleges he received by reason of being struck by one of the defendants' motor cars without warning, no signal of the approach of said car having been given by the motorman in charge thereof.

Appellants answered by general denial, and specially: "That, if appellee was hurt, it was through no fault, wrong or negligence of these defendants or of any one, for whose acts they might be held liable."

[1] There are several assignments of error, but, since the record shows conclusively that the question raised by the second is decisive of appellee's right to recover in this action, it becomes unnecessary to pass upon the others, so this opinion will be confined to the error therein assigned. Said assignment charges that: "The court erred in en-

tering judgment for plaintiff, for the reason that the jury found that plaintiff was injured through the negligence of the motorman. Appellants say that said motorman was a fellow servant with the plaintiff, and that therefore defendants would not be liable to plaintiff on account of the injuries sustained through the negligence of said motorman in failing to keep a proper lookout, and to notify plaintiff of the approach of said train."

A. G. Gramly testified: "I was the motorman running the larry engine at the time the plaintiff was injured. My only duties were to operate the cars and motor, and I had nothing to do with the men. The cars that I was operating were small ore cars and motor, used to haul ores from the roaster up to the reverberatories. I had a helper, but he was not on the motor at the time. I had nothing to do with the other men."

W. H. Pierson testified: "I was the foreman over the plaintiff at the time of the accident. I sent him up on the trestle with Guerrera to sweep off the track. In taking up the ores from the roaster to the reverberatory, small pieces would fall off on the track, and it was to brush these off that I sent Lopez up for. I did not see the accident, and know nothing about it. Lopez was working under me at the time. I had full authority and control over him; had the right to hire and discharge him."

Plaintiff testified: "On the 22d day of January, 1913, I was employed and worked for the El Paso Smelting Works, or the defendants in this suit. Mr. W. H. Pierson was my foreman. I had been working at another place doing other things, but on that morning he sent me up there to work, to sweep off the tramway track."

All the testimony in the record is to the effect that the motorman in charge of the car was a fellow servant of plaintiff, and was charged with none of the duties which would constitute him a vice principal of the appellants, for whose acts and knowledge they would, in law, be held liable. Williams v. Kirby Lumber Company, 136 S. W. 1182; Id., 159 S. W. 310; Quinn v. Glenn Lumber Co., 118 S. W. 733.

[2] The appellee was not a railway employé; so the common law, and not the statute of fellow servants, would apply. Oil Co. v. Jonte, 36 Tex. Civ. App. 18, 80 S. W. 847.

For the reason that the pleadings and evidence show no liability upon the part of appellants for the injuries complained of, the cause is reversed and here rendered.

Reversed and rendered.

On Rehearing.

Upon the authority of Ft. Worth & Denver City Ry. Co. v. Copeland, 164 S. W. 857, cited by appellees in motion for rehearing,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the motion for rehearing is granted to the extent that the cause is remanded for another trial, with instructions that, if, upon another trial, the pleadings and evidence are the same as they were upon the last trial, the court will instruct a verdict for the defendant.